**SO ORDERED.**

**SIGNED September 14, 2011.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA


IN RE:

VINCENT JENKINS
MELISSA JENKINS                         CASE NO. 09-51465

     Debtors                            Chapter 13

------------------------------------------------------------
                     MEMORANDUM RULING
------------------------------------------------------------
```

Before the court is Vincent and Melissa Jenkins' ("Debtors") motion to reconsider the dismissal of their case. The trustee filed his motion to dismiss January 10, 2011, and the hearing was held February 16, 2011. The primary issue addressed at the hearing was Debtors' failure to turn over their 2009 federal tax refund as required by their confirmed plan.

The trustee's motion represented that Debtors' returns showed approximately $5,300 in refunds for 2009. Debtors responded that the amount of refund was less than $5,300 due to an offset. The

court declined to dismiss the case on February 16th, but gave Debtors until April 13, 2011 to turn over 2009 refund to the trustee or, in default, the trustee was authorized to submit an order of dismissal. Debtors made two payments totaling $3,600 on March 29, 2011 and April 8, 2011. Debtors made an additional payment of $700 that was received on April 14th. These payments do not total the $5,300 reflected in the trustee's records as the refund due for 2009. On April 29, 2011, the court entered an order dismissing the case. Debtors then filed the present motion requesting that the court reinstate the case on the grounds that the $4,300 paid to the trustee actually exceeded the amount of the 2009 refund because some of the refund was offset for 2007. The trustee opposes the motion on the grounds that Debtors are attempting to re-litigate the amount of the refund and, if their refund was actually less than the $5,300 reflected in the trustee's records, then they should have come forward with proof at the February 16th hearing or no later than the April 13th deadline imposed by the court.

The court shares the trustee's concerns about attempts by debtors to re-litigate matters on motions for reconsideration that were previously decided with respect to the motion to dismiss. As the court has made clear on many occasions, a motion for reconsideration is not merely a "second chance" to re-litigate the trustee's motion to dismiss. Where, as here, the court gives a

debtor a final deadline to cure a default and authorizes the trustee to submit a dismissal order after that deadline if the default is not cured, the court will not entertain a motion to reconsider the dismissal order absent compelling circumstances. Nevertheless, after reviewing the record, the court is satisfied that Debtors are not attempting an end-run around the court's deadline by re-litigating the trustee's motion, and that there is cause to reinstate the case. Specifically, the trustee's January 10th motion was the first motion to dismiss filed in a case that has been pending two years, and February 16th was the first hearing date on that motion. This case does not have the history of debtor delays, continued hearings, or failures to comply with the court's orders that characterize many of the cases that are ultimately dismissed by the court. Moreover, Debtors paid $4,300 toward their refund. While this amount is less than the amount of the refund reflected in the trustee's records, it is more than the amount of the refund actually received by Debtors according to the account transcript they received from the IRS. Based on the recording of the April 16th hearing, it appears that Debtors raised the discrepancy at the hearing and produced the IRS account transcript showing the offset. While there was some concern over the filing status used by Debtors, the court did not "fix" the amount of the refund Debtors had to pay by April 13th at $5,300. Debtors violated the terms of their plan and the requirements of the Code by not

paying the 2009 refund when due.  But, this is not a case where the debtor has repeatedly failed to cure a default or provide information to the trustee.  Debtors acknowledged the default at the first hearing, and paid the refund within the time period set by the court.  Accordingly, the court will order that the case be reinstated.

The Motion for Reconsideration is hereby **GRANTED**.  The trustee's original motion to dismiss is FIXED for hearing on October 19, 2011 at 8:30 a.m.  By October 19th, the trustee's records must show that Debtors' plan payments are current.  To the extent that there is any error in the tax filing status used by Debtors on returns filed during the case, those errors must be addressed and cured by the October 19th hearing date.  If not, the court may dismiss the case with findings under 11 U.S.C. § 109(g).

###